**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

BRADLEY IGNEY, DDS; and SANDRA IGNEY,
Plaintiffs,
v. CASE NO.: 23-CV-16642

BRANDON SCHWAB; KELLI SCHWAB;
SHEPHERD CAPITAL LLC d/b/a SHEPHERD
PREMIER SENIOR LIVING; SHEPHERD
CAPITAL LLC RINGWOOD; SHEPHERD
CAPITAL LLC HUNTLEY; and SHEPHERD
CAPITAL LLC CRYSTAL LAKE,
Defendants
_______________________________________________/

**NOTICE OF REINSTATEMENT AND MOTION FOR ENTRY OF STIPULATED FINAL JUDGMENT**

COME NOW, Plaintiffs, by and through their undersigned counsel, respectfully state as follows:

1. On March 3, 2025, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
2. The Notice of Voluntary Dismissal Without Prejudice expressly provided that "in the event of a default, Plaintiffs may immediately reinstate the action filed in this Court, using the same name and case number, and file the agreed upon Stipulated Judgment."
3. Defendants have defaulted under the Forbearance Agreement. A true and correct copy of the Forbearance Agreement, and First Amendment to Forbearance Agreement is attached hereto as Exhibit "A."
4. Pursuant to the terms of the dismissal and agreement of the parties, Plaintiffs hereby reinstate this action under the same case name and number.
5. Plaintiffs further move for the entry of the Stipulated Final Judgment, attached hereto as Exhibit "B."

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Reinstate the above-captioned case pursuant to the express terms of the Notice of Voluntary Dismissal Without Prejudice;

b. Enter the Stipulated Final Judgment attached hereto as Exhibit "B"; and

c. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of September, 2025.

PINO LAW GROUP PLLC
99 South New York Avenue
Winter Park, FL 32790
Telephone: (407) 425 – 7831
Email: Mathew@pinolawgroup.com

*<u>/s/ Mathew Courtney</u>*
MATHEW COURTNEY, ESQ.
Florida Bar No: 1040252

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 24, 2025, a true and correct copy of the foregoing was furnished to the Clerk of Court by using the CM/ECF system, which will send an electronic Notice of Electronic Filing to all counsel of record.

*<u>/s/ Mathew Courtney</u>*
MATHEW COURTNEY, ESQ.

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

BRADLEY IGNEY, DDS; and SANDRA IGNEY,

Plaintiffs,

v. CASE NO.: 23-CV-16642

BRANDON SCHWAB; KELLI SCHWAB;
SHEPHERD CAPITAL LLC d/b/a SHEPHERD
PREMIER SENIOR LIVING; SHEPHERD
CAPITAL LLC RINGWOOD; SHEPHERD
CAPITAL LLC HUNTLEY; and SHEPHERD
CAPITAL LLC CRYSTAL LAKE,

Defendants
______________________________________/

# STIPULATED FINAL JUDGMENT

THIS CAUSE, having come before the Court, and the Court having reviewed the file, affidavits of the parties, and otherwise being fully advised in the premises,

**IT IS ORDERED, STIPULATED, AND ADJUDGED THAT:**

## FINDINGS

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 to the extent this action arises under the Constitution, laws, or treaties of the United States;

2. This Court has jurisdiction over this proceeding pursuant to Section 4A(c) of the Securities Act of 1933 [15 U.S.C. § 78aa];

3. Venue is proper in this district pursuant to Section 22 of the Securities Act of 1933 [15 U.S.C. § 78aa] and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made herein occurred in the Northern District of Illinois. In addition, all Defendants reside, transact business, and operate their principal place of business within this district;

4. Defendant BRANDON SCHWAB was properly served with the Summons and Complaint on December 20, 2023;

5. Defendant KELLI SCHWAB was properly served with the Summons and Complaint on December 20, 2023;



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

6. Defendant SHEPHERD CAPITAL LLC d/b/a SHEPHERD PREMIER SENIOR LIVING was properly served with the Summons and Complaint on December 20, 2023;

7. Defendant SHEPHERD CAPITAL LLC RINGWOOD was properly served with the Summons and Complaint on December 20, 2023;

8. Defendant SHEPHERD CAPITAL LLC HUNTLEY was properly served with the Summons and Complaint on December 20, 2023;

9. Defendant SHEPHERD CAPITAL LLC CRYSTAL LAKE was properly served with the Summons and Complaint on December 20, 2023;

10. The factual allegations in the Complaint are deemed true for the purpose of this Stipulated Final Judgment. Based on these facts, the Court finds that the Defendants:

a. sold to Plaintiffs unregistered securities in Interstate Commerce in violation of Section 5(a) of the Securities Act of 1933 (15 U.S.C. 77e(a));

b. failed to file necessary registration statements in effect as to the securities and made use of a means or instruments of transportation of communication in interstate commerce or of the mails to offer to sell through the use of medium of any prospectus or otherwise any security in violation of Section 5(c) of the Securities Act of 1933 (15 U.S.C. § 77e(c));

c. knowingly offered and sold securities which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading in violation of 15 U.S.C. § 771;

d. BRANDON SCHWAB and KELLI SCHWAB, knowingly and in connection with an agreement, controlled SHEPHERD CAPITAL LLC d/b/a SHEPHERD PREMIER SENIOR LIVING, SHEPHERD CAPITAL LLC RINGWOOD, SHEPHERD CAPITAL LLC HUNTLEY, and SHEPHERD CAPITAL LLC CRYSTAL LAKE which offered and sold securities by use of a means or instrument of transportation or communication in interstate commerce or of the mails, contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading in violation of 15 U.S.C. § 771o;



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

e. in connection with the purchase and sale of securities, (i) made a misstatement or omission, (ii) of material fact, (iii) with scienter, (iv) in connection with the purchase or sale of securities, (v) upon which the Plaintiffs relied, and (vi) that reliance proximately caused the Plaintiffs injuries in violation of Sections 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-6(a) and (c) of the Securities Act of 1934;

f. used deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretenses, false promises, misrepresentations or concealments, suppressions or omissions of any material fact, with the intent that the Plaintiffs rely upon the concealment, suppression or omission of such material fact, and the Plaintiffs have been misled, deceived and damaged as a result, in violation of Ill. Rev. Stat. 1979, Ch. 121 1/2, par. 262, Section 2 of the Consumer Fraud and Deceptive Business Practices Act;

g. offered and sold unexempt securities in the State of Illinois not subject to any security exemption in violation of Ch. 121 1/2, par. 137.5 of the Illinois Security Law of 1953;

h. transacted business selling unregistered securities as unregistered broker-dealers in the State of Illinois in violation of Section 2a of the Illinois Securities Law of 1953;

i. made negligent misrepresentations and should have known their representations were false due to their failure to make payments owed to Plaintiffs, their failure to take proactive steps in securing the refinancing of the investment properties, and their failure to register as broker-dealers with either the SEC or the State of Illinois;

j. offered and sold securities in writing which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading in violation of Section 12(G) of the Illinois Securities Law of 1953;



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

k. entered into and executed valid partnership agreements for the benefit of Plaintiffs and failed to provide Plaintiffs with monthly accounting reports in violation of Paragraph 3 and failed to pay the agreed upon annual interest in violation of Paragraph 4.3, resulting in a material breach of the partnership agreements;

l. entered into and executed valid promissory notes for the benefit of the Plaintiffs, and failed to pay Plaintiffs all principal and interest due under the promissory notes in violation of Paragraph 1, and failed to pay Plaintiffs late charges incurred following thirty (30) days' notice of default in violation of Paragraph 6(c), resulting in a material breach under the promissory notes.

11. It is proper to enter a permanent injunction to prevent a recurrence of the Defendants' violations of Sections 5, 12, and 15 of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), 77l, and 77o], Section 10b [15 U.S.C. § 78j(b), Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)] of the Securities Exchange Act of 1934, 815 ILCS 505/1, ch. 121 1/2, par. 137.5, and Section 2a, of the Illinois Securities Law of 1953, and to enter equitable monetary relief against the Defendants for the amount of their investments, late fees incurred, accrued interest, costs, and attorney's fees;

**ORDER**

IT IS FURTHER ORDERED that:

A. Judgment is hereby entered in favor of the Plaintiffs and against the Defendants, and the Plaintiffs shall recover from Defendants in the amount of ONE MILLION THREE HUNDRED EIGHTY-SEVEN THOUSAND ONE HUNDRED FIFTY-FIVE and 62/100 ($1,387,155.62) DOLLARS,

| | | |
|---|---|---|
| | $ 950,000.00 | (Plaintiffs' Initial Capital Investments) |
| + | $ 434,617.70 | (Late Fees and Interest) |
| + | $ 2,537.92 | (Costs) |
| | $1,387,155.62 | |

jointly or severally and upon entry of this Order, this Final Judgment shall become immediately due and payable by Defendants, and interest, computed pursuant to 28 U.S.C. § 1961(a), as amended, shall begin to accrue upon the unpaid balance; and



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

B. Plaintiffs shall be entitled to recover costs associated with this action, in the total amount of Two Thousand Five Hundred Thirty-Seven and 92/100 ($2,537.92) Dollars; and

C. Plaintiffs' address for purposes of satisfying this Final Judgment is that of their counsel of record: **Pino Law Group PLLC, 99 South New York Avenue, Winter Park, Florida 32789**; and

D. This Final Judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

E. This Court reserves jurisdiction to award Plaintiffs' attorneys' fees.

DONE AND ORDERED on this __________ day of _________, 20______

_________________________________

**The Honorable Andrea R. Wood**



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

# EXHIBIT “B”

# FIRST AMENDMENT TO FORBEARANCE AGREEMENT

THIS FIRST AMENDMENT TO THE FORBEARANCE AGREEMENT ("First Amendment"),is made and entered into this 24th day of February, 2025 ("Effective Date"), by, between, and among **Bradley Igney, DDS and Sandra Igney**, a married couple having an address of 10595 E- 670 S, Wolcottville, IN 46795 (collectively the "Judgment Creditors"), and **Brandon Schwab, Kelli Schwab, Shepherd Capital LLC d/b/a Shepherd Premier Senior Living, Shepherd Capital LLC Ringwood, Shepherd Capital LLC Huntley, and Shepherd Capital LLC Crystal Lake**, all having an address of 1410 Bay Oaks Drive, Lakemoor, IL 60051 (collectively the "Judgment Debtors"). Judgment Creditors and Judgment Debtors may individually be referred to as a "Party" and collectively to as the "Parties".

**WHEREAS**, on September 13, 2024, the Parties executed a Forbearance Agreement "Forbearance Agreement") for debts owed by Judgment Debtors to Judgment Creditors.

**IN CONSIDERATION** of the mutual promises and covenants contained within that Forbearance Agreement, the Parties hereby agree to amend changes to the following sections of the Forbearance Agreement to wit:

**Section 2. Conditions Concurrent.** Concurrently with the execution of this First Amendment, the Judgment Creditors shall voluntarily dismiss the action in the United States District Court Northern District of Illinois in the case styled *Bradley Igney, DDS, et al. vs. Brandon Schwab, et al,* (Case number 23-CV-016642), without prejudice.

**Section 11. Events of Default.** Upon the occurrence of an Event of Default under the Forbearance Agreement, Judgment Creditors may immediately reinstate the action filed in the United States District Court Northern District of Illinois, using the same case name and number, and file the Stipulated Final Judgment. The Judgment Creditors then may immediately begin collecting upon the Stipulated Final Judgment, and may exercise any and all rights and remedies available to them under the Forbearance Agreement, this First Amendment, or any applicable law.

All other terms of the FORBEARANCE AGREEMENT shall remain as agreed to by and between the Parties.

IN WITNESS WHEREOF, the Parties hereto have hereunto set their hands and seals the day and year first above written:

**[SIGNATURE PAGE TO FOLLOW]**

**JUDGMENT DEBTORS**:

Electronically Signed 2025-03-03 16:02:35 UTC - 75.241.233.184
By: *Brandon Schwab*
Nintex AssureSign® e538ca4b-c8a7-4944-a9f9-b28e0162213b
Brandon Schwab

Electronically Signed 2025-03-03 15:54:34 UTC - 75.241.233.184
By: *Kelli Schwab*
Nintex AssureSign® 198704f7-7441-41a1-a780-b28e0162213f
Kelli Schwab

Shepherd Capital LLC d/b/a Shepherd Premier Senior Living

Electronically Signed 2025-03-03 16:02:40 UTC - 75.241.233.184
By: *Brandon Schwab*
Nintex AssureSign® 7c2ca5bb-ec32-4be1-a3fc-b28e0162213f
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Ringwood

Electronically Signed 2025-03-03 16:02:42 UTC - 75.241.233.184
By: *Brandon Schwab*
Nintex AssureSign® 4c42a951-508d-46bf-a4fe-b28e0162213f
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Huntley

Electronically Signed 2025-03-03 16:02:43 UTC - 75.241.233.184
By: *Brandon Schwab*
Nintex AssureSign® 5bc5bb3d-f8fb-45d0-a57c-b28e0162213f
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Crystal Lake

Electronically Signed 2025-03-03 16:02:45 UTC - 75.241.233.184
By: *Brandon Schwab*
Nintex AssureSign® 5aab1fc1-759f-47e4-a64f-b28e0162213f
Brandon Schwab, Authorized Representative

**JUDGMENT CREDITORS**

Electronically Signed 2025-02-25 02:26:53 UTC - 164.152.6.42
By:
Nintex AssureSign® 18e35c04-77ea-4eea-a8c4-b28e0162213f
Bradley Igney, DDS

Electronically Signed 2025-02-25 02:29:31 UTC - 164.152.6.42
By:
Nintex AssureSign® 64b3d03e-1aae-4be0-ab95-b28e01622144
Sandra Igney

# FORBEARANCE AGREEMENT

THIS FORBEARANCE AGREEMENT ("Agreement") is made and entered into this 13th day of September, 2024 ("Effective Date"), by, between, and among **Bradley Igney, DDS and Sandra Igney**, a married couple having an address of 10595 E- 670 S, Wolcottville, IN 46795 (collectively the "Judgment Creditors"), and **Brandon Schwab, Kelli Schwab, Shepherd Capital LLC d/b/a Shepherd Premier Senior Living, Shepherd Capital LLC Ringwood, Shepherd Capital LLC Huntley, and Shepherd Capital LLC Crystal Lake**, all having an address of 1410 Bay Oaks Drive, Lakemoor, IL 60051 (collectively the "Judgment Debtors"). Judgment Creditors and Judgment Debtors may individually be referred to as a "Party" and collectively to as the "Parties".

**WHEREAS**, Judgment Creditors filed an action against Judgment Debtors in the United States District Court Northern District of Illinois in the case styled *Bradley Igney, DDS, et al. vs. Brandon Schwab, et al. (Case number 23-CV-016642)*; and

**WHEREAS**, the Parties have stipulated to a Final Judgment in the amount of ONE MILLION THREE HUNDRED EIGHTY-SEVEN THOUSAND ONE HUNDRED FIFTY-FIVE and 62/100 ($1,387,155.62 USD) DOLLARS ("Stipulated Final Judgment") attached herein as Exhibit (A); and

**WHEREAS**, Judgment Creditors and Judgment Debtors have agreed to payments whereby Judgment Debtors, collectively, will pay Judgment Creditors, collectively, Five Thousand ($5,000 USD) Dollars monthly ("Settlement Payments"); and

**WHEREAS**, in exchange for the covenants and obligations hereunder this Agreement in conjunction with the payments, Judgment Creditors have agreed to a forbearance of their rights to enforce the Stipulated Final Judgment and have agreed to enter into this Agreement to memorialize the terms.

**NOW, THEREFORE**, in consideration of the premises, mutual covenants, and agreements contained in this Agreement and in order to induce the grant of Forbearance, the Parties hereby covenant and agree as follows:

1. **Whereas Clauses**. All Whereas Clauses set out hereinabove are incorporated herein by reference and constitute a part of this Agreement.

2. **Conditions Concurrent**. Concurrently with the execution of this Agreement, the Parties, shall cause to be filed with the United States District Court Northern District of Illinois in the case styled *Bradley Igney, DDS, et al. vs. Brandon Schwab, et al. (Case number 23-CV-016642)* a copy of this Agreement.

3. **Forbearance**. In consideration of the undertakings described herein by Judgment Debtors, the execution of this Agreement, and so long as Judgment Debtors are not in default of their obligations under this Agreement, Judgment Creditors agree to forbear from exercising any and all rights and/or collection remedies they may have with respect to the Stipulated Final Judgment.

4. **Settlement Payments**. The parties agree:

A. Beginning September 13, 2024, and continuing every month thereafter, Judgment Debtors will pay to Judgment Creditors Five Thousand ($5,000 USD) Dollars per month against the balance of the Stipulated Final Judgment including the accruing interest; and

B. Interest will continue to accrue under the Promissory Note dated May 22, 2018, and the Promissory Note dated March 6, 2019, respectively; and

C. Payments are to be made via electronic transfer as agreed upon by the Parties to Bradley Igney, DDS, by the 10th day of each month.

5. **Term**. The term of this Agreement is twelve (12) months and shall expire on September 13, 2025, unless extended for an additional term of 12 months upon mutual agreement by both parties in writing though it is understood and agreed by and between the parties that they are not obligated to do so. In the event of such an extension, a one-time fee of $25,000 shall be paid by the Judgment Debtors to continue the terms and conditions of this agreement for the extended term. The payment of the said fee shall be made within thirty (30) days of the expiration of this agreement and prior to the agreement to extend the term. Both parties agree that all other terms and conditions of this agreement shall remain in full force and effect during the extended term, unless explicitly modified in writing by both parties. This extension clause is binding and enforceable by law. If an agreement to extend the term is not reached between the parties, Judgment Creditors may exercise any and all rights and/or collection remedies they may have with respect to the Stipulated Final Judgment after September 13, 2025.

6. **Judgment Debtors' Representations and Warranties**. Judgment Debtors represent and warrant that:

A. All financials produced to Judgment Creditors (or their legal counsel) are accurate and the most up-to-date financials reflecting Judgment Debtors' present ability to satisfy the Stipulated Final Judgment; and

B. The undersigned have the present authority to execute as indicated in the respective signature lines below; and

C. Judgment Debtors understand and intend that Judgment Creditors rely on these representations and warranties.

7. **Additional Forbearance Terms**. Upon the execution of this Agreement, Judgment Debtors agree to update Judgment Creditors, annually, with:

A. Production of Judgment Debtors' last twelve (12) months of personal and business financials reflecting their present ability to satisfy the Stipulated Final Judgment due by February 1 every year to Judgment Creditors; and

B. Judgment Debtors' most recent efforts to refinance the properties securing the promissory notes.

8. **Costs and Attorneys' Fees**. Judgment Debtors shall be responsible for the payment of all costs associated with this Agreement, including, but not limited to attorneys' fees of Judgment Creditors, as well as the payment and/or reimbursement of all Judgment Creditors' filing fees and costs associated with or contemplated by this Agreement and all of Judgment Creditors' obligations contained herein within ten (10) calendar days of the presentation of every associated invoice from Judgment Creditors (or their legal counsel).

9. **Non-Dischargeable Debt**. The Parties agree that any outstanding debt owed by the Judgment Debtors to the Judgment Creditors under this Agreement shall not be dischargeable in bankruptcy proceedings, and Judgment Debtors waive any right to seek discharge of such debt in any bankruptcy filing.

10. **Default**. Each of the following shall constitute an event of default:

A. Judgment Debtors fail to comply with or perform any term, obligation, covenant, or condition contained in this Agreement; or

B. Judgment Debtors fail to make any Settlement Payment hereunder when the same is due and payable within five (5) business days (without any notice from Judgment Creditors); or

C. A material adverse change occurs in either of Judgment Debtors' financial condition, or Judgment Creditors reasonably and in good faith believe the prospect of payment or performance of this Agreement is substantially and materially impaired; or

D. The filing by or against any Judgment Debtor of any proceeding in bankruptcy, insolvency, receivership, reorganization, liquidation, conservatorship, or similar proceeding and such proceeding is not dismissed within thirty (30) days following the commencement thereof or, in the case of an involuntary bankruptcy proceeding, within sixty (60) days following the commencement thereof; or

E. Any assignment by Judgment Debtors for the benefit of any of their creditors, or any levy, garnishment, attachment, or similar proceeding is instituted against any property by Judgment Debtors for the benefit of any of their creditors, or any levy, garnishment, attachment, or similar proceeding is instituted against any property owed by any Judgment Debtor; or

F. Judgment Debtors' material breach of any representation, warranty, or obligation contained in this Agreement; or

G. Distribution financing, refinancing, or sale proceeds of Judgment Debtors from any property or otherwise to any party without first paying Judgment Creditors.



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

11. **Events of Default**. Upon the occurrence of an Event of Default under this Agreement, Judgment Creditors may immediately file the Stipulated Final Judgment, may immediately begin collecting upon the Stipulated Final Judgment, and may exercise any and all rights and remedies available to them under this Agreement or any applicable law.

12. **Rights Cumulative**. The rights and remedies of Judgment Creditors as provided herein shall be cumulative and concurrent, and the failure to exercise any such right or remedy shall in no event be construed as a waiver of release of the same.

13. **Amendments**. This Agreement may not be amended or altered unless by execution of a written agreement signed by all the Parties.

14. **Invalid Provision**. The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof and the Agreement shall be construed in all respects as if such invalid or unenforceable provision had been omitted.

15. **Modification**. The Parties agree that this Agreement contains the entire understanding of the Parties and no change or modification of this Agreement shall be valid unless the same be in writing and signed by the Parties.

16. **Binding Effect**. This Agreement shall bind and, unless inconsistent with its provisions, shall inure to the benefit of the successors, heirs, and assigns of each of the Parties.

17. **Prior Agreement**. This Agreement embodies the entire Agreement between the Parties and supersedes any prior agreement of the Parties.

18. **Governing Law; Jurisdiction; Venue**. This Agreement, as well as any disputes which may arise pursuant to this Agreement, shall be governed and construed in accordance with the laws of the State of Illinois. The Parties herein waive trial by jury to submit exclusively to the personal jurisdiction and venue of a state court of subject matter jurisdiction located in McHenry County, Illinois. No Party to this Agreement may bring an action on behalf of or become a member in a multiple party or class action proceeding against the other. In the event that the Parties are required to take any action to enforce any provision of this Agreement, or litigation results from or arises out of this Agreement or the performance thereof, the Parties agree to reimburse the prevailing Party's reasonable attorney's fees, costs, and any and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled. In such event, no action shall be entertained by said court or any court of competent jurisdiction if filed more than one year subsequent to the date the cause(s) of action actually accrued regardless of whether damages were otherwise as of said time calculable.

19. **Time Is of the Essence**. Time is of the essence in complying with all of the terms, provisions, and conditions of this Agreement.

20. **Construction**. Unless the context clearly requires otherwise: (i) the terms defined herein include the plural as well as the singular; (ii) all references to this Agreement and the words “herein,” “hereof,” “hereto,” and “hereunder” and other words of similar import refer to this Agreement as a whole and not to any particular section, or other subdivision, except as



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

expressly stated otherwise; (iii) the words “including,” “included,” and “includes” mean inclusion without limitation; and (v) each Party hereto acknowledges it has been represented by legal counsel, or has had full opportunity to seek the advice of legal counsel, and the Parties have jointly participated in the negotiation and drafting this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if jointly drafted by the Parties and no presumption, inference, or burden of proof shall arise favoring or disfavoring a Party by virtue of the authorship of any or all of the Agreement provisions.

IN WITNESS WHEREOF, the Parties hereto have hereunto set their hands and seals the day and year first above written. Signed, sealed, and delivered in the presence of:

**[SIGNATURE PAGE TO FOLLOW]**



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

**JUDGMENT DEBTORS**:

By: ________________________________
Brandon Schwab

By: ________________________________
Kelli Schwab

Shepherd Capital LLC d/b/a Shepherd Premier Senior Living

By: ________________________________
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Ringwood

By: ________________________________
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Huntley

By: ________________________________
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Crystal Lake

By: ________________________________
Brandon Schwab, Authorized Representative

**JUDGMENT CREDITORS**

By: ________________________________
Bradley Igney, DDS

By: ________________________________
Sandra Igney



Doc ID: fae19eb7867c35c660b0df3ab76d44052b7c12ee

**JUDGMENT DEBTORS**:

By: ______________________________
Brandon Schwab

By: ______________________________
Kelli Schwab

Shepherd Capital LLC d/b/a Shepherd Premier Senior Living

By: ______________________________
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Ringwood

By: ______________________________
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Huntley

By: ______________________________
Brandon Schwab, Authorized Representative

Shepherd Capital LLC Crystal Lake

By: ______________________________
Brandon Schwab, Authorized Representative

**JUDGMENT CREDITORS**

By: 

Bradley Igney, DDS

By: 

Sandra Igney