**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRADLEY IGNEY, DDS, and SANDRA IGNEY, Plaintiffs, | ) | No. 23-cv-16642 |
| v. | ) | Judge Andrea R. Wood |
| BRANDON SCHWAB et al., Defendants. | ) | |

**STIPULATED FINAL JUDGMENT**

THIS CAUSE, having come before the Court, and the Court having reviewed the file, affidavits of the parties, and otherwise being fully advised in the premises,

**IT IS ORDERED, STIPULATED, AND ADJUDGED THAT**:

**FINDINGS**

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 to the extent this action arises under the Constitution, laws, or treaties of the United States;

2. This Court has jurisdiction over this proceeding pursuant to Section 4A(c) of the Securities Act of 1933 [15 U.S.C. § 78aa];

3. Venue is proper in this district pursuant to Section 22 of the Securities Act of 1933 [15 U.S.C. § 78aa] and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made herein occurred in the Northern District of Illinois. In addition, all Defendants reside, transact business, and operate their principal place of business within this district;

4. Defendant BRANDON SCHWAB was properly served with the Summons and Complaint on December 20, 2023;

5. Defendant KELLI SCHWAB was properly served with the Summons and Complaint on December 20, 2023;

6. Defendant SHEPHERD CAPITAL LLC d/b/a SHEPHERD PREMIER SENIOR LIVING was properly served with the Summons and Complaint on December 20, 2023;

7. Defendant SHEPHERD CAPITAL LLC RINGWOOD was properly served with the Summons and Complaint on December 20, 2023;

8. Defendant SHEPHERD CAPITAL LLC HUNTLEY was properly served with the Summons and Complaint on December 20, 2023;

9. Defendant SHEPHERD CAPITAL LLC CRYSTAL LAKE was properly served with the Summons and Complaint on December 20, 2023;

10. The factual allegations in the Complaint are deemed true for the purpose of this Stipulated Final Judgment. Based on these facts, the Court finds that the Defendants:

a. sold to Plaintiffs unregistered securities in Interstate Commerce in violation of Section 5(a) of the Securities Act of 1933 (15 U.S.C. 77e(a));

b. failed to file necessary registration statements in effect as to the securities and made use of a means or instruments of transportation of communication in interstate commerce or of the mails to offer to sell through the use of medium of any prospectus or otherwise any security in violation of Section 5(c) of the Securities Act of 1933 (15 U.S.C. § 77e(c));

c. knowingly offered and sold securities which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading in violation of 15 U.S.C. § 771;

d. BRANDON SCHWAB and KELLI SCHWAB, knowingly and in connection with an agreement, controlled SHEPHERD CAPITAL LLC d/b/a SHEPHERD PREMIER SENIOR LIVING, SHEPHERD CAPITAL LLC RINGWOOD, SHEPHERD CAPITAL LLC HUNTLEY, and SHEPHERD CAPITAL LLC CRYSTAL LAKE which offered and sold securities by use of a means or instrument of transportation or communication in interstate commerce or of the mails, contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading in violation of 15 U.S.C. § 771o;

e. in connection with the purchase and sale of securities, (i) made a misstatement or omission, (ii) of material fact, (iii) with scienter, (iv) in connection with the purchase or sale of securities, (v) upon which the Plaintiffs relied, and (vi) that reliance proximately caused the Plaintiffs injuries in violation of Sections 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-6(a) and (c) of the Securities Act of 1934;

f. used deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretenses, false promises, misrepresentations or concealments, suppressions or omissions of any material fact, with the intent that the Plaintiffs rely upon the concealment, suppression or omission of such material fact, and the Plaintiffs have been misled, deceived and damaged as a result, in violation of Ill. Rev. Stat. 1979, Ch. 121 1/2, par. 262, Section 2 of the Consumer Fraud and Deceptive Business Practices Act;

g. offered and sold unexempt securities in the State of Illinois not subject to any security exemption in violation of Ch. 121 1/2, par. 137.5 of the Illinois Security Law of 1953;

h. transacted business selling unregistered securities as unregistered broker-dealers in the State of Illinois in violation of Section 2a of the Illinois Securities Law of 1953;

i. made negligent misrepresentations and should have known their representations were false due to their failure to make payments owed to Plaintiffs, their failure to take proactive steps in securing the refinancing of the investment properties, and their failure to register as broker-dealers with either the SEC or the State of Illinois;

j. offered and sold securities in writing which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading in violation of Section 12(G) of the Illinois Securities Law of 1953;

k. entered into and executed valid partnership agreements for the benefit of Plaintiffs and failed to provide Plaintiffs with monthly accounting reports in violation of Paragraph 3 and failed to pay the agreed upon annual interest in violation of Paragraph 4.3, resulting in a material breach of the partnership agreements;

l. entered into and executed valid promissory notes for the benefit of the Plaintiffs, and failed to pay Plaintiffs all principal and interest due under the promissory notes in violation of Paragraph 1, and failed to pay Plaintiffs late charges incurred following thirty (30) days' notice of default in violation of Paragraph 6(c), resulting in a material breach under the promissory notes.

11. It is proper to enter a permanent injunction to prevent a recurrence of the Defendants' violations of Sections 5, 12, and 15 of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), 77l, and 77o], Section 10b [15 U.S.C. § 78j(b), Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)] of the Securities Exchange Act of 1934, 815 ILCS 505/1, ch. 121 1/2, par. 137.5, and Section 2a, of the Illinois Securities Law of 1953, and to enter equitable monetary relief against the Defendants for the amount of their investments, late fees incurred, accrued interest, costs, and attorney's fees;

**ORDER**

IT IS FURTHER ORDERED that:

A. Judgment is hereby entered in favor of the Plaintiffs and against the Defendants, and the Plaintiffs shall recover from Defendants in the amount of ONE MILLION THREE HUNDRED EIGHTY-SEVEN THOUSAND ONE HUNDRED FIFTY-FIVE and 62/100 ($1,387,155.62) DOLLARS,

| | | |
|---|---|---|
| | $ 950,000.00 | (Plaintiffs' Initial Capital Investments) |
| + | $ 434,617.70 | (Late Fees and Interest) |
| + | $ 2,537.92 | (Costs) |
| | $1,387,155.62 | |

jointly or severally and upon entry of this Order, this Final Judgment shall become immediately due and payable by Defendants, and interest, computed pursuant to 28 U.S.C. § 1961(a), as amended, shall begin to accrue upon the unpaid balance; and

B. Plaintiffs shall be entitled to recover costs associated with this action, in the total amount of Two Thousand Five Hundred Thirty-Seven and 92/100 ($2,537.92) Dollars; and

C. Plaintiffs' address for purposes of satisfying this Final Judgment is that of their counsel of record: **Pino Law Group PLLC, 99 South New York Avenue, Winter Park, Florida 32789**; and

D. This Final Judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

DONE AND ORDERED on this 24th day of October, 2025

Andrea R. Wood
United States District Judge